1  A. KRISTINE FLOYD (BAR NO. 155930)
   NICHOLAS S. SHANTAR (BAR NO. 228980)
2  ALLEN MATKINS LECK GAMBLE
     MALLORY & NATSIS LLP
3  1900 Main Street, Fifth Floor
   Irvine, California 92614-7321
4  Phone:  (949) 553-1313
   Fax:  (949) 553-8354
5  E-Mail: kfloyd@allenmatkins.com
           nshantar@allenmatkins.com
6
   Attorneys for Defendant and Counterclaimant
7  INDYMAC VENTURE, LLC

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10 EDEN GARDEN, LLC, a California          Case No. CV11-02356-HRL
   limited liability company; ALI K.
11 AMIDY, an individual; GUITI            **ANSWER OF DEFENDANT AND**
   NAHAVANDI AMIDY, an individual;        **COUNTERCLAIMANT INDYMAC**
12 CENTRA NET INVESTMENT LLC, a           **VENTURE, LLC TO COMPLAINT**
   California limited liability company;,
13                                        [DEMAND FOR JURY TRIAL]
                 Plaintiffs,
14
          vs.
15
   INDY MAC VENTURE, LLC., a limited
16 liability company, FEDERAL DEPOSIT
   INSURANCE CORPORATION, as
17 Conservator of IndyMac Federal Bank,
   FSB and Does 1 through 10,
18
                 Defendants.
19
   INDYMAC VENTURE, LLC, a limited
20 liability company,
21               Counterclaimant,
22        vs.
23 ALI K. AMIDY, an individual; GUITI
   NAHAVANDI AMIDY, an individual;
24 CENTRA NET INVESTMENT LLC, a
   California limited liability company,
25
                 Counterdefendants.
26
27
28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

925397.02/OC

1    Defendant and Counterclaimant Indymac Venture, LLC ("Defendant"), by

2    and through its undersigned counsel, hereby answers the Complaint ("Complaint")

3    filed by Plaintiffs Eden Garden, LLC ("Eden Garden"), Ali K. Amidy, Guiti

4    Nahavandi Amidy, and Centra Net Investment, LLC ("Plaintiffs").  Defendant

5    denies generally and specifically each and every allegation in the Complaint not

6    specifically admitted herein.

7    For ease of reference, Defendant repeats the primary headings in the

8    Complaint.  To the extent those headings may be construed as allegations against

9    Defendant, they are generally and specifically denied.

10    Below, Defendant answers the specific allegations in the numbered

11    paragraphs of the Complaint as follows:

12                              **THE PARTIES**

13    1.    Defendant admits that Eden Garden is a limited liability company

14    formed and existing under the laws of the State of California.  Defendant is without

15    information sufficient to form a belief as to the truth of the remaining allegations in

16    paragraph 1 of the Complaint, and therefore denies generally and specifically each

17    and every remaining allegation therein.

18    2.    Defendant admits that Plaintiffs Ali K. Amidy and Guiti Nahavandi

19    Amidi are individuals residing and/or doing business in the State of California,

20    County of Santa Clara.  Defendant is without information sufficient to form a belief

21    as to the truth of the remaining allegations in paragraph 2 of the Complaint, and

22    therefore denies generally and specifically each and every remaining allegation

23    therein.

24    3.    Defendant admits that Plaintiff Centra Net Investment, LLC ("Centra

25    Net") is a limited liability company formed and existing under the laws of the State

26    of California and doing business in the State of California, County of Santa Clara.

27    Defendant is without information sufficient to form a belief as to the truth of the

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

925397.02/OC

-1-

ANSWER OF DEFENDANT AND
COUNTERCLAIMANT INDYMAC
VENTURE, LLC TO COMPLAINT

1  remaining allegations in paragraph 3 of the Complaint, and therefore denies

2  generally and specifically each and every remaining allegation therein.

3       4.      Defendant admits that the Federal Deposit Insurance Corporation

4  ("FDIC") is a corporation formed pursuant to the laws of the United States.

5  Defendant is without information sufficient to form a belief as to the truth of the

6  remaining allegations in paragraph 4 of the Complaint, and therefore denies

7  generally and specifically each and every remaining allegation therein.

8       5.      Defendant admits that Defendant is a limited liability company.

9  Defendant further admits that it is an assignee of certain assets that originated with

10  IndyMac Bank, FSB ("Original Lender"), including, without limitation, (1) that

11  certain Building Loan Agreement (Residential Tract Construction) dated as of

12  September 30, 2005 between Eden Garden and Original Lender, as amended

13  ("Building Loan Agreement"), (2) that certain Additional Advance and First

14  Modification Agreement to the Building Loan Agreement; Promissory Note;

15  Construction Deed of Trust With Assignment of Rents, Security Agreement and

16  Fixture Filing and Other Loan Documents (Long Form) dated as of February 14,

17  2007 between Eden Garden and Original Lender and that certain Additional

18  Advance and First Modification Agreement to the Building Loan Agreement;

19  Promissory Note; Construction Deed of Trust With Assignment of Rents, Security

20  Agreement and Fixture Filing and Other Loan Documents (Short Form) dated as of

21  February 14, 2007 between Eden Garden and Original Lender, (collectively, the

22  "Amendments"), (3) that certain Promissory Note dated as of September 30, 2005

23  between Eden Garden and Original Lender, as amended ("Note"), and (4) that

24  certain Construction Trust Deed With Assignment of Rents, Security Agreement

25  and Fixture Filing dated as of September 30, 2005 between Eden Garden, as Trustor,

26  Fidelity National Title Insurance Company, as Trustee, and Original Lender, as

27  Beneficiary, as amended ("Trust Deed").  Defendant is unable to determine what is

28  meant by the phrase "and associated claims and cross-claims involved in this

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

925397.02/OC

-2-

ANSWER OF DEFENDANT AND
COUNTERCLAIMANT INDYMAC
VENTURE, LLC TO COMPLAINT

litigation" as used in paragraph 5 of the Complaint, and therefore denies each and every allegation contained therein.  Except as expressly admitted herein, Defendant denies generally and specifically each and every allegation in paragraph 5 of the Complaint.

6.     Defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore denies generally and specifically each and every allegation therein.

7.     Defendant is unable to determine what is meant by the allegations in paragraph 7 of the Complaint, and therefore denies generally and specifically each and every allegation therein.

8.     Defendant admits that on or about September 30, 2005, Eden Garden and Original Lender entered into the Building Loan Agreement.  Defendant states that the Building Loan Agreement speaks for itself and provides according to its terms.  Defendant is without information sufficient to form a belief as to the truth of the allegation that "the total Project cost was expected to be in the amount of $7,667,490.00, with Plaintiffs contributing $1,763,490.00 in cash and equity," and therefore denies generally and specifically that allegation.  Except as expressly admitted herein, Defendant denies generally and specifically each and every allegation in paragraph 8 of the Complaint.

9.     Defendant states that (1) Section 3.00 of the Building Loan Agreement, (2) Section (b) of Exhibit "B" to the Building Loan Agreement, (3) Section (f) of Exhibit "B" to the Building Loan Agreement, (4) Section (g) of Exhibit "B" to the Building Loan Agreement, (5) Section 4.01 of the Building Loan Agreement, (6) Section 4.05 of the Building Loan Agreement, (7) Exhibit "E" to the Building Loan Agreement, (8) Section 4.11 of the Building Loan Agreement, (9) Section J of Exhibit "C" to the Building Loan Agreement, and (10) Section L of Exhibit "C" to the Building Loan Agreement all speak for themselves and provide according to

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

925397.02/OC

-3-

ANSWER OF DEFENDANT AND
COUNTERCLAIMANT INDYMAC
VENTURE, LLC TO COMPLAINT

1    their terms. Except as expressly stated herein, Defendant denies generally and

2    specifically each and every allegation in paragraph 9 of the Complaint.

3          10.     Defendant states that Section (f) of Exhibit "B" to the Building Loan

4    Agreement speaks for itself and provides according to its terms. Except as expressly

5    stated herein, Defendant denies generally and specifically each and every allegation

6    in paragraph 10 of the Complaint.

7          11.     Defendant states that the Building Loan Agreement speaks for itself

8    and provides according to its terms. Except as expressly stated herein, Defendant

9    denies generally and specifically each and every allegation in paragraph 11 of the

10    Complaint.

11          12.     Defendant admits that on or about September 30, 2005, Eden Garden

12    executed and delivered to Original Lender the Note, which speaks for itself and

13    provides according to its terms. Except as expressly stated herein, Defendant denies

14    generally and specifically each and every allegation in paragraph 12 of the

15    Complaint.

16          13.     Defendant admits that the Note is secured by, among other things, the

17    Trust Deed, which speaks for itself and provides according to its terms. Defendant

18    further admits that the Trust Deed was recorded on or about November 8, 2005 in

19    the Official Records of Santa Clara County, California ("Official Records"), as

20    Document No. 18668901. Except as expressly stated herein, Defendant denies

21    generally and specifically each and every allegation in paragraph 13 of the

22    Complaint.

23          14.     Defendant admits the allegations in paragraph 14 of the Complaint.

24          15.     Defendant admits the allegations in paragraph 15 of the Complaint.

25          16.     Defendant is without information sufficient to form a belief as to the

26    truth of the allegations in paragraph 16 of the Complaint, and therefore denies

27    generally and specifically each and every allegation therein.

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

925397.02/OC

-4-

ANSWER OF DEFENDANT AND
COUNTERCLAIMANT INDYMAC
VENTURE, LLC TO COMPLAINT

17.   Defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore denies generally and specifically each and every allegation therein.

18.   Defendant admits that Plaintiffs and Original Lender entered into the Amendments, which speak for themselves and provide according to their terms. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint, and therefore denies generally and specifically each and every remaining allegation therein.

19.   Defendant admits that Plaintiffs and Original Lender entered into the Amendments, which speak for themselves and provide according to their terms. Defendant denies generally and specifically each and every remaining allegation in paragraph 19 of the Complaint.

20.   Defendant denies generally and specifically each and every allegation in paragraph 20 of the Complaint.

21.   Defendant denies that IndyMac Bank, FSB assured Plaintiffs that IndyMac Bank, FSB would extend the maturity date of the Note to March 2009 if Plaintiffs so requested.  Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Complaint, and therefore denies generally and specifically each and every remaining allegation therein.

22.   Defendant denies generally and specifically each and every allegation in paragraph 22 of the Complaint.

23.   Defendant admits that on or about July 11, 2008, Original Lender was seized by the Office of Thrift Supervision and the FDIC was appointed as Receiver for Original Lender.  Defendant further admits that on or about July 11, 2008, IndyMac Federal Bank, FSB ("IMFB") was chartered as a new institution and some of the assets and liabilities of Original Lender were transferred to IMFB.  Defendant further admits that the FDIC was appointed as Conservator of IMFB.  Defendant is

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

925397.02/OC
-5-

ANSWER OF DEFENDANT AND
COUNTERCLAIMANT INDYMAC
VENTURE, LLC TO COMPLAINT

1  unable to determine what is meant by the phrase "including the claims and cross-
2  claims involved in this litigation" as used in paragraph 23, and therefore denies
3  generally and specifically each and every allegation contained therein.  Except as
4  expressly admitted herein, Defendant denies generally and specifically each and
5  every allegation in paragraph 23 of the Complaint.

6      24.     Defendant admits that on or about November 12, 2008, the FDIC filed
7  a complaint against Plaintiffs in the Superior Court for the County of Santa Clara,
8  Case Number 108CV127419 ("Prior Lawsuit").  Defendant states that the Complaint
9  in the Prior Lawsuit speaks for itself.  Defendant is without information sufficient to
10 form a belief as to the truth of the remaining allegations in paragraph 24 of the
11 Complaint, and therefore denies generally and specifically each and every remaining
12 allegation therein.

13     25.     Defendant is without information sufficient to form a belief as to the
14 truth of the allegations in paragraph 25 of the Complaint, and therefore denies
15 generally and specifically each and every allegation therein.

16     26.     Defendant admits that Defendant and Plaintiffs entered into that certain
17 Agreement Tolling Statutes of Limitation dated as of May 4, 2010 ("Tolling
18 Agreement"), which speaks for itself and provides according to its terms.  Defendant
19 denies generally and specifically each and every remaining allegation in paragraph
20 26 of the Complaint.

21     27.     Defendant admits that on or about May 5, 2010, Defendant and
22 Plaintiffs executed a mutual dismissal of the Prior Lawsuit without prejudice, which
23 was filed with the Court.  Defendant is informed and believes that the Tolling
24 Agreement was also filed with the Court.  Except as expressly admitted herein,
25 Defendant denies generally and specifically each and every allegation in paragraph
26 27 of the Complaint.

27     28.     Defendant admits that on or about May 24, 2010 a Notice of Default
28 And Election to Sell Under Deed of Trust was recorded as Document 20720114 in

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

925397.02/OC

-6-

ANSWER OF DEFENDANT AND
COUNTERCLAIMANT INDYMAC
VENTURE, LLC TO COMPLAINT

1 the Official Records and that thereafter Defendant proceeded with a non-judicial

2 foreclosure of the Trust Deed.  Except as expressly admitted herein, Defendant

3 denies generally and specifically each and every allegation in paragraph 28 of the

4 Complaint.

## FIRST CAUSE OF ACTION

### (Breach of Settlement Agreement)

7     29.    Defendant repeats and incorporates its response to paragraphs 1

8 through 28, above, as if fully set forth in this paragraph.

9     30.    Defendant denies generally and specifically each and every allegation

10 in paragraph 30 of the Complaint.

11     Defendant denies that Plaintiffs are entitled to the relief requested in the

12 Complaint or any relief at all.

## SECOND CAUSE OF ACTION

### (Promissory Fraud)

15     31.    Defendant repeats and incorporates its response to paragraphs 1

16 through 28, above, as if fully set forth in this paragraph.

17     32.    Defendant denies generally and specifically each and every allegation

18 in paragraph 32 of the Complaint.

19     33.    Defendant denies generally and specifically each and every allegation

20 in paragraph 33 of the Complaint.

21     34.    Defendant denies generally and specifically each and every allegation

22 in paragraph 34 of the Complaint.

23     35.    Defendant denies generally and specifically each and every allegation

24 in paragraph 35 of the Complaint.

25     36.    Defendant denies generally and specifically each and every allegation

26 in paragraph 36 of the Complaint.

27     37.    Defendant denies generally and specifically each and every allegation

28 in paragraph 37 of the Complaint.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

925397.02/OC

-7-

ANSWER OF DEFENDANT AND
COUNTERCLAIMANT INDYMAC
VENTURE, LLC TO COMPLAINT

38.     Defendant denies generally and specifically each and every allegation in paragraph 38 of the Complaint.

39.     Defendant denies generally and specifically each and every allegation in paragraph 39 of the Complaint.

40.     Defendant denies generally and specifically each and every allegation in paragraph 40 of the Complaint.

41.     Defendant denies generally and specifically each and every allegation in paragraph 41 of the Complaint.

Defendant denies that Plaintiffs are entitled to the relief requested in the Complaint or any relief at all.

## THIRD CAUSE OF ACTION
### (Negligent Misrepresentation)

42.     Defendant repeats and incorporates its response to paragraphs 1 through 41, above, as if fully set forth in this paragraph.

43.     Defendant denies generally and specifically each and every allegation in paragraph 43 of the Complaint.

Defendant denies that Plaintiffs are entitled to the relief requested in the Complaint or any relief at all.

## FOURTH CAUSE OF ACTION
### (Fraud In The Inducement – Loan Agreement, Note, Trust Deed, Amidy Guaranty, and Centra Net Guaranty)

44.     Defendant repeats and incorporates its response to paragraphs 1 through 35, above, as if fully set forth in this paragraph.

45.     Defendant denies generally and specifically each and every allegation in paragraph 45 of the Complaint.

46.     Defendant denies generally and specifically each and every allegation in paragraph 46 of the Complaint.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

925397.02/OC

-8-

ANSWER OF DEFENDANT AND
COUNTERCLAIMANT INDYMAC
VENTURE, LLC TO COMPLAINT

1     47.    Defendant denies generally and specifically each and every allegation

2 in paragraph 47 of the Complaint.

3     48.    Defendant denies generally and specifically each and every allegation

4 in paragraph 48 of the Complaint.

5     49.    Defendant denies generally and specifically each and every allegation

6 in paragraph 49 of the Complaint.

7     50.    Defendant denies generally and specifically each and every allegation

8 in paragraph 50 of the Complaint.

9     51.    Defendant denies generally and specifically each and every allegation

10 in paragraph 51 of the Complaint.

11     52.    Defendant denies generally and specifically each and every allegation

12 in paragraph 52 of the Complaint.

13     53.    Defendant denies generally and specifically each and every allegation

14 in paragraph 53 of the Complaint.

15     54.    Defendant denies generally and specifically each and every allegation

16 in paragraph 54 of the Complaint.

17     55.    Defendant denies generally and specifically each and every allegation

18 in paragraph 55 of the Complaint.

19     56.    Defendant denies generally and specifically each and every allegation

20 in paragraph 56 of the Complaint.

21     Defendant denies that Plaintiffs are entitled to the relief requested in the

22 Complaint or any relief at all.

23            **REMAINING PARAGRAPHS**

24     The remaining paragraphs of the Complaint contain Plaintiffs' prayer for

25 relief to which no response is required.  To the extent a response is required,

26 Defendant denies that Plaintiffs are entitled to the relief requested therein or any

27 relief at all.

28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

925397.02/OC

-9-

ANSWER OF DEFENDANT AND
COUNTERCLAIMANT INDYMAC
VENTURE, LLC TO COMPLAINT

1

## AFFIRMATIVE DEFENSES

2      Without assuming the burden of proof as to the following (other than the

3 burden, if any, imposed by law), Defendant asserts the following affirmative

4 defenses:

5

### FIRST AFFIRMATIVE DEFENSE

6

#### (Failure To State A Cause Of Action)

7    1.    Plaintiffs' Complaint, and each and every purported cause of action

8 therein, fails to state facts sufficient to constitute a cause of action against Defendant.

9

### SECOND AFFIRMATIVE DEFENSE

10

#### (Statutes of Limitation)

11    2.    Plaintiffs' Complaint, including each and every purported cause of

12 action therein, is barred in whole or in part by the applicable statutes of limitation,

13 including without limitation, California Code of Civil Procedure sections 337, 338,

14 339, 340, and 343.

15

### THIRD AFFIRMATIVE DEFENSE

16

#### (Laches)

17    3.    Plaintiffs' Complaint, including each and every purported cause of

18 action therein, is barred in whole or in part by the doctrine of laches.

19

### FOURTH AFFIRMATIVE DEFENSE

20

#### (Unclean Hands)

21    4.    Plaintiffs' Complaint, including each and every purported cause of

22 action therein, is barred in whole or in part by Plaintiffs' unclean hands.

23

### FIFTH AFFIRMATIVE DEFENSE

24

#### (Parol Evidence)

25    5.    Plaintiffs' Complaint, including each and every purported cause of

26 action therein, is barred in whole or in part by the parol evidence rule.

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**
925397.02/OC

ANSWER OF DEFENDANT AND
COUNTERCLAIMANT INDYMAC
VENTURE, LLC TO COMPLAINT

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

6.      Assuming without admitting, for purposes of this affirmative defense only, that any of the allegations in Plaintiffs' Complaint are true, Plaintiffs, with actual or constructive knowledge of any and all such facts, were under a duty to mitigate damages, if any, and have failed to fulfill such duty; as a consequence, Defendant is exonerated from any liability to Plaintiffs, and damages, if any, are the sole and proximate result of Plaintiffs' failure to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

7.      Assuming without admitting, for purposes of this affirmative defense only, that any of the allegations in Plaintiffs' Complaint are true, Plaintiffs' Complaint, including each and every purported cause of action therein, is barred in whole or in part on the grounds that the alleged acts or omissions of Defendant was not the proximate cause of Plaintiffs' alleged damages, if any, and Plaintiffs were not injured or damaged by any of the acts or omissions alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Probable Damages)

8.      Assuming without admitting, for purposes of this affirmative defense only, that any of the allegations in Plaintiffs' Complaint are true, Plaintiffs' Complaint, including each and every purported cause of action therein, is barred in whole or in part on the grounds that Plaintiffs' alleged damages, if any, are too remote and speculative from any alleged acts or omissions by Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Equal Dignities)

9.      Plaintiffs' Complaint, including each and every purported cause of action therein, is barred in whole or in part by the Equal Dignities Rule.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**
925397.02/OC                                      -11-                                      ANSWER OF DEFENDANT AND
COUNTERCLAIMANT INDYMAC
VENTURE, LLC TO COMPLAINT

1

## TENTH AFFIRMATIVE DEFENSE

2

### (Accord and Satisfaction)

3   10.   Plaintiffs' Complaint, including each and every purported cause of

4   action therein, is barred in whole or in part by accord and satisfaction.

5

## ELEVENTH AFFIRMATIVE DEFENSE

6

### (Contributory Negligence)

7   11.   Assuming without admitting, for purposes of this affirmative defense

8   only, that any of the allegations in Plaintiffs' Complaint are true, Plaintiffs have

9   failed to exercise ordinary care, caution or prudence and the damages, if any, which

10  Plaintiffs allege, were proximately caused and contributed to by the negligence of

11  Plaintiffs and therefore such damages, if any, are barred and/or must be reduced in

12  proportion to Plaintiffs' own negligence.

13

## TWELFTH AFFIRMATIVE DEFENSE

14

### (Excuse of Performance)

15  12.   The contractual obligations, if any, on the part of Defendant have been

16  excused and discharged by Plaintiffs' own breaches.

17

## THIRTEENTH AFFIRMATIVE DEFENSE

18

### (Absence of Breach or Fault)

19  13.   Plaintiffs' Complaint, including each and every purported cause of

20  action therein, fails in whole or in part for the absence of any breach or fault on the

21  part of Defendant.

22

## FOURTEENTH AFFIRMATIVE DEFENSE

23

### (Consent)

24  14.   Plaintiffs' Complaint, including each and every purported cause of

25  action therein, is barred in whole or in part by Plaintiffs' consent.

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

925397.02/OC

-12-

ANSWER OF DEFENDANT AND
COUNTERCLAIMANT INDYMAC
VENTURE, LLC TO COMPLAINT

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

### (Setoff and Recoupment)

3       15.     Assuming without admitting, for purposes of this affirmative defense

4  only, that any of the allegations in Plaintiffs' Complaint are true and that Defendant

5  caused damage to Plaintiffs in any respect, Defendant is entitled to offset and recoup

6  against any judgment that may be entered for Plaintiffs all obligations of Plaintiffs

7  owing to Defendant.

8

## SIXTEENTH AFFIRMATIVE DEFENSE

9

### (Waiver)

10       16.     Plaintiffs' Complaint, including each and every purported cause of

11  action therein, is barred in whole or in part by the doctrine of waiver.

12

## SEVENTEENTH AFFIRMATIVE DEFENSE

13

### (Estoppel)

14       17.     Plaintiffs' Complaint, including each and every purported cause of

15  action therein, is barred in whole or in part by the doctrine of estoppel.

16

## EIGHTEENTH AFFIRMATIVE DEFENSE

17

### (Ratification)

18       18.     Plaintiffs' Complaint, including each and every purported cause of

19  action therein, is barred in whole or in part by Plaintiffs' ratification and approval of

20  the alleged acts and/or omissions of which they now complain.

21

## NINETEENTH AFFIRMATIVE DEFENSE

22

### (Good Faith Defense)

23       19.     Defendant is not liable, vicariously or otherwise, because Defendant

24  acted at all times in good faith and did not directly, or indirectly, participate in or

25  commit the alleged wrongful acts of which Plaintiffs complain.

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**
925397.02/OC
-13-
ANSWER OF DEFENDANT AND
COUNTERCLAIMANT INDYMAC
VENTURE, LLC TO COMPLAINT

1 | **TWENTIETH AFFIRMATIVE DEFENSE**

2 | **(Failure to Perform Conditions Precedent)**

3 | 20.     Plaintiffs' Complaint, including each and every purported cause of

4 | action therein, is barred in whole or in part because Plaintiffs have not fully and

5 | fairly performed all conditions precedent in the documents, including, without

6 | limitation, in the Building Loan Agreement (including as amended), the Deed of

7 | Trust, and the Note, under which Plaintiffs seek relief.

8 | **TWENTY-FIRST AFFIRMATIVE DEFENSE**

9 | **(Contribution)**

10 | 21.     If Defendant is found to be in any manner liable for the acts complained

11 | of in the Complaint, which liability is denied by Defendant, such harm was

12 | proximately caused, or contributed to, by other persons or entities, including

13 | Plaintiffs.  It is necessary that the proportionate degree of fault of every said person

14 | or entity be determined and prorated and that a judgment, if any, which might be

15 | rendered against Defendant be reduced by that degree of fault found to exist on the

16 | part of such other persons or entities.

17 | **TWENTY-SECOND AFFIRMATIVE DEFENSE**

18 | **(Adequate Remedy at Law)**

19 | 22.     Plaintiffs' claims for equitable relief are barred in whole or in part

20 | because Plaintiffs have an adequate remedy at law.

21 | **TWENTY-THIRD AFFIRMATIVE DEFENSE**

22 | **(Privilege)**

23 | 23.     Plaintiffs' Complaint, including each and every purported cause of

24 | action therein, is barred in whole or in part to the extent that any or all of the acts or

25 | omissions alleged to have been performed by Defendant, if performed at all, were

26 | privileged or justified.

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

925397.02/OC

-14-

ANSWER OF DEFENDANT AND
COUNTERCLAIMANT INDYMAC
VENTURE, LLC TO COMPLAINT

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

2

### (*In Pari Delicto*)

3       24.     Plaintiffs' Complaint is barred in whole or in part by the doctrine of *In*

4   *Pari Delicto*.

5

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

6

### (No Punitive Damages)

7       25.     To the extent Plaintiffs seek recovery of punitive damages, such

8   damages are not recoverable and/or are not warranted.

9

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

10

### (Unconstitutional Punitive or Exemplary Damages)

11      26.     Assuming without admitting for purposes of this affirmative defense

12  only, that Plaintiffs have any claims against Defendant, Defendant is not liable for

13  punitive or exemplary damages to the extent such damages do not comport with the

14  due process and other clauses of the California and/or United States Constitutions.

15

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

16

### (Statutes of Frauds)

17      27.     Plaintiffs' Complaint, including each and every purported cause of

18  action therein, is barred in whole or in part by the applicable statutes of frauds.

19

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

20

### (Failure to Do Equity)

21      28.     Assuming without admitting for purposes of this affirmative defense

22  only, that Plaintiffs have any claims against Defendant, Defendant alleges that

23  Plaintiffs failed to do equity in the matters alleged in the Complaint, and any

24  recovery by Plaintiffs must be diminished or barred by reason thereof.

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

925397.02/OC

ANSWER OF DEFENDANT AND
COUNTERCLAIMANT INDYMAC
VENTURE, LLC TO COMPLAINT

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

29.     Defendant alleges that Plaintiffs would be unjustly enriched if they were to be granted any relief, damages or sums as a result of any alleged act or omission on the part of Defendant.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Mutual Mistake of Fact)

30.     Plaintiffs' Complaint is barred in whole or in part due to a mutual mistake of fact.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Unilateral Mistake of Fact)

31.     Plaintiffs' Complaint is barred in whole or in part due to a unilateral mistake of fact.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Frustration of Purpose)

32.     Plaintiffs' Complaint, including each and every purported cause of action therein, is barred in whole or in part because frustration of purpose excused Defendant from performing in the manner that Plaintiffs allege Defendant was obligated to perform.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Breach of Duty of Good Faith and Fair Dealing)

33.     Assuming without admitting for purposes of this affirmative defense only, that Plaintiffs have any claims against Defendant, Plaintiffs' Complaint, including each and every purported cause of action therein, is barred in whole or in part by Plaintiffs' breach of the covenant of good faith and fair dealing implicit in every contract.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

925397.02/OC

-16-

ANSWER OF DEFENDANT AND
COUNTERCLAIMANT INDYMAC
VENTURE, LLC TO COMPLAINT

1                        **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

2                              **(Lack of Consideration)**

3         34.     Plaintiffs' Complaint, including each and every purported cause of

4 action therein, is barred in whole or in part because one or more of the alleged oral

5 contracts that Plaintiffs seeks to enforce fails for lack of consideration.

6                        **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

7                     **(Performance and/or Discharge)**

8         35.     Defendant has duly and fully performed, satisfied and/or discharged any

9 duties and obligations allegedly owed to Plaintiff arising out of any alleged contracts,

10 whether written or oral.

11                      **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

12                      **(*D'Oench Duhme* Doctrine)**

13         36.     Plaintiffs' Complaint, including each and every purported cause of

14 action therein, is barred in whole or in part by the *D'Oench Duhme* doctrine,

15 including, without limitation, as codified in 12 U.S.C. section 1823 and any and all

16 regulations thereunder.

17                   **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

18                         **(Lack of Jurisdiction)**

19         37.     Plaintiffs' Complaint, including each and every purported cause of

20 action therein, is barred in whole or in part because, under the Financial Institutions

21 Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. § 1821(d)(13)(D), the

22 Court lacks jurisdiction to decide such claims.

23                    **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

24                   **(Reservation of Additional Defenses)**

25         38.     Defendant has not completed its investigation and/or discovery

26 regarding the allegations asserted by Plaintiffs. Accordingly, Defendant reserves the

27 right to assert additional defenses as necessary based on its ongoing investigation

28 and/or discovery.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

925397.02/OC

-17-

ANSWER OF DEFENDANT AND
COUNTERCLAIMANT INDYMAC
VENTURE, LLC TO COMPLAINT

## **PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiffs take nothing by way of their Complaint;

2.     That judgment be entered in favor of Defendant and against Plaintiffs and that the Complaint be dismissed with prejudice;

3.     That Defendant be awarded its attorneys' fees and costs of suit herein wherever allowed by law or contract; and

4.     For such other and further relief as the Court deems just and proper.

Dated:  June 8, 2011                    ALLEN MATKINS LECK GAMBLE
                                        MALLORY & NATSIS LLP
                                        A. KRISTINE FLOYD
                                        NICHOLAS S. SHANTAR

                                        By:_____/s/A. Kristine Floyd_____
                                        A. KRISTINE FLOYD
                                        Attorneys for Defendant and
                                        Counterclaimant INDYMAC
                                        VENTURE, LLC

## **JURY DEMAND**

Defendant and Counterclaimant Indymac Venture, LLC demands a trial by jury on all issues so triable.

Dated:  June 8, 2011                    ALLEN MATKINS LECK GAMBLE
                                        MALLORY & NATSIS LLP
                                        A. KRISTINE FLOYD
                                        NICHOLAS S. SHANTAR

                                        By:_____/s/A. Kristine Floyd_____
                                        A. KRISTINE FLOYD
                                        Attorneys for Defendant and
                                        Counterclaimant INDYMAC
                                        VENTURE, LLC

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

925397.02/OC

-18-

ANSWER OF DEFENDANT AND
COUNTERCLAIMANT INDYMAC
VENTURE, LLC TO COMPLAINT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that: I am over the age of eighteen (18) and not a party to the within action. I am employed in the law firm of Allen Matkins Leck Gamble Mallory & Natsis LLP, 1900 Main Street, Fifth Floor, Irvine, California 92614-7321.

On June 8, 2011, I used the Northern District of California's Electronic Case Filing System, with the ECF registered to A. Kristine Floyd to file the following document:

**ANSWER OF DEFENDANT AND COUNTERCLAIMANT INDYMAC VENTURE, LLC TO COMPLAINT**
**[DEMAND FOR JURY TRIAL]**

The ECF system is designed to send an e-mail message to all parties in the case, which constitutes service. The parties by e-mail in this case are found on the Court's Electronic Mail Notice List.

Notice has been given via First Class U.S. Mail to:

> W. Kenneth Howard, Esq.
> Attorney At Law
> 116 East Campbell Avenue, Suite 7
> Campbell, California 95008
> Phone: (408) 379-1904
> Fax: (408) 379-1902

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 8, 2011, at Irvine, California.

By: _____*/s/A. Kristine Floyd*_____
A. KRISTINE FLOYD

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

925397.02/OC

-19-

ANSWER OF DEFENDANT AND
COUNTERCLAIMANT INDYMAC
VENTURE, LLC TO COMPLAINT