1 | David H. Waters, CASB 078512
dwaters@burnhambrown.com
2 | Jack W. Schwartz, Jr., CASB 124506
jschwartz@burnhambrown.com
3 | BURNHAM BROWN
A Professional Law Corporation
4 | P.O. Box 119
Oakland, California 94604
5 | ---
1901 Harrison Street, 14th Floor
6 | Oakland, California 94612
Telephone:    (510) 444-6800
7 | Facsimile:    (510) 835-6666

8 | Attorneys for Federal Deposit Insurance Corporation as Receiver
for Defendant IndyMac Federal Bank, FSB

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

11

12 | EDEN GARDEN LLC, a California limited
liability company; ALI K. AMIDY, an
13 | individual; GUITI NAHAVANDI AMIDY, an
individual; CENTRA NET INVESTMENT
14 | LLC, a California limited liability company,

15 |                 Plaintiffs,

16 | v.

17 | INDYMAC VENTURE, LLC, a Limited
Liability Company; FEDERAL DEPOSIT
18 | INSURANCE CORPORATION, as
Conservator of IndyMac Federal Bank, FSB,
19 | and DOES 1-10,

20 |                 Defendants.

No.  CV-11-02356-JF

*This matter assigned to Honorable Jeremy
Fogel, Courtroom No. 3, for All Purposes*

**NOTICE OF MOTION AND MOTION
OF FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER OF
DEFENDANT INDYMAC FEDERAL
BANK, FSB TO DISMISS CLAIMS**

**[F.R.C.P. Rules 12(b)(6) and 12(b)(1)]**

Date:      August 5, 2011
Time:      9:00 a.m.
Dept:      Courtroom No. 3
Judge:     Honorable Jeremy Fogel

Filed Concurrently Herewith:
1. Memorandum of Points and Authorities;
2. Declaration of James P. Gazdecki;
3. Declaration of Jack W. Schwartz, Jr.;
4. Request for Judicial Notice; and
5. [Proposed] Order – *Lodged herewith*

21
22
23
24

25 | TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

26 |         PLEASE TAKE NOTICE THAT on August 5, 2011, at 9:00 a.m., or as soon thereafter

27 | as may be heard, before the Honorable Jeremy Fogel, presiding, in the United States District

28 | Court for the Northern District of California, San Jose Division, located at 280 South First

1

Notice of Motion and Motion of Federal Deposit Insurance Corporation As Receiver          No. CV-11-02356-JF
of Defendant IndyMac Federal Bank, FSB to Dismiss Claims

Street, San Jose, California 95113, Courtroom No. 3, the Federal Deposit Insurance Company as Receiver of Defendant INDYMAC FEDERAL BANK, FSB ("*FDIC – Receiver*"), erroneously sued herein as FEDERAL DEPOSIT INSURANCE CORPORATION, as Conservator of IndyMac Federal Bank, FSB, by and through its undersigned counsel, will and hereby does move the Court to dismiss the Complaint of Plaintiffs EDEN GARDEN LLC, a California limited liability company; ALI K. AMIDY, an individual; GUITI NAHAVANDI AMIDY, an individual; CENTRA NET INVESTMENT LLC, a California limited liability company (collectively "*Plaintiffs*") against FDIC – Receiver for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) and lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure Rule 12(b)(1).

This motion is based on the following grounds:

1. This Court should dismiss the Complaint against the FDIC – Receiver pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) because Plaintiffs seek equitable remedies against FDIC – Receiver. Equitable claims against FDIC – Receiver are precluded by 12 U.S.C. §1821(j) which provides: "Except as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the Corporation as a conservator or a receiver."

2. This Court lacks subject matter jurisdiction over Plaintiffs' Complaint against the FDIC – Receiver pursuant to Federal Rule of Civil Procedure Rule 12(b)(1). Specifically, the Complaint fails to present a justifiable case or controversy as required by Article III of the United States Constitution. First, Plaintiff has failed to exhaust the mandatory administrative claim procedure required of creditors by 12 U.S.C. § 1821(d)(3) – (13) before filing or continuing litigation against FDIC – Receiver. Second, this Court cannot provide meaningful relief to Plaintiff due to the worthlessness determinations made by the FDIC Board of Directors.

3. Alternatively, this Court should dismiss the Complaint against the FDIC – Receiver pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) on Prudential Mootness grounds. Specifically, this Court should not allow Plaintiffs' continued litigation of claims against the FDIC – Receiver where no recovery is possible because it is an exercise in futility

1    and would needlessly consume judicial resources.

2        This Motion is based upon this Notice of Motion and the Memorandum of Points and

3    Authorities, Declaration of James P. Gazdecki, Senior Attorney for the FDIC – Receiver,

4    Declaration of Jack W. Schwartz, Jr. and Request for Judicial Notice, all filed concurrently

5    herewith, the papers, records and file herein and such evidence as may be presented at the

6    hearing on the motion.

7    Dated: June 10, 2011                 BURNHAM BROWN

8

9                         By:                           

10                             DAVID H. WATERS
JACK W. SCHWARTZ, JR.

11                             Attorneys for Federal Deposit
Insurance Corporation as Receiver

12                             for Defendant IndyMac Federal
Bank, FSB

13

14                                              1081972

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Motion and Motion of Federal Deposit Insurance Corporation As Receiver    No. CV-11-02356-JF
of Defendant IndyMac Federal Bank, FSB to Dismiss Claims