A. KRISTINE FLOYD (BAR NO. 155930)
NICHOLAS S. SHANTAR (BAR NO. 228980)
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
1900 Main Street, Fifth Floor
Irvine, California 92614-7321
Phone:  (949) 553-1313
Fax:  (949) 553-8354
E-Mail:  kfloyd@allenmatkins.com
         nshantar@allenmatkins.com

Attorneys for Defendant and Counterclaimant
INDYMAC VENTURE, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDEN GARDEN, LLC, a California limited liability company; ALI K. AMIDY, an individual; GUITI NAHAVANDI AMIDY, an individual; CENTRA NET INVESTMENT LLC, a California limited liability company,<br><br>          Plaintiffs,<br><br>     v.<br><br>INDY MAC VENTURE, LLC, a limited liability company; FEDERAL DEPOSIT INSURANCE CORPORATION, as Conservator of IndyMac Federal Bank, FSB, and Does 1 through 10,<br><br>          Defendants. | Case No. CV11-02356-JF<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT INDYMAC VENTURE, LLC TO EXPUNGE LIS PENDENS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed concurrently with Declarations of Alisa Ashikyan and Nicholas S. Shantar in Support of Motion to Expunge; Request for Judicial Notice in Support of Motion to Expunge]*<br><br>Date:  August 5, 2011<br>Time:  9:00 a.m.<br>Ctrm:  3, Fifth Floor |
| INDYMAC VENTURE, LLC, a limited liability company,<br><br>          Counterclaimant,<br><br>     v.<br><br>ALI K. AMIDY, an individual; GUITI NAHAVANDI AMIDY, an individual; CENTRA NET INVESTMENT LLC, a California limited liability company,<br><br>          Counterdefendants. | Complaint Filed:  May 13, 2011 |

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC

MOTION  OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

1 **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2 **PLEASE TAKE NOTICE** that on August 5, 2011 at 9:00 a.m., or as soon

3 thereafter as may be heard, before the Honorable Jeremy Fogel, presiding, in the

4 United States District Court for the Northern District of California, San Jose

5 Division located at 280 South First Street, San Jose, California 95113, Courtroom

6 No. 3, Defendant Indymac Venture, LLC ("IMV") will and hereby does move this

7 Court for an order expunging the *lis pendens* filed and recorded as Document

8 Number 21054819 in the Official Records for the County of Santa Clara ("*Lis*

9 *Pendens*") by Plaintiffs Eden Garden, LLC, Ali K. Amidy, Guiti Nahavandi Amidy,

10 and Centra Net Investment, LLC (collectively, "Plaintiffs") in the above-referenced

11 action, as well as for its attorneys' fees and costs allowed by statute in an amount no

12 less than $14,800. In the alternative, IMV requests a bond in the amount of at least

13 $6,817,000.

14 This Motion is made pursuant to Code of Civil Procedure sections 405.30,

15 405.31, 405.32 and 405.34 on the grounds that Plaintiffs cannot establish, by a

16 preponderance of evidence, the probable validity of a "real property claim" under

17 Code of Civil Procedure section 405.32 necessary to support the *Lis Pendens*.

18 This Motion is based on this Notice of Motion and Motion, the Memorandum

19 of Points and Authorities attached hereto, the Declarations of Alisa Ashikyan and

20 Nicholas S. Shantar filed in support thereof, the Request for Judicial Notice filed

21 concurrently herewith, all other matters of which the Court may take judicial notice,

22 the pleadings, papers and records on file in this action, and any oral and

23 //

24 //

25 //

26 //

27 //

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC

-1-

MOTION OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

1  documentary evidence and argument presented at or in connection with the hearing

2  on this Motion.

3  Dated:  June 22, 2011                    ALLEN MATKINS LECK GAMBLE
                                            MALLORY & NATSIS LLP
4                                           A. KRISTINE FLOYD
                                            NICHOLAS S. SHANTAR

5

6                                           By:      /s/Nicholas S. Shantar
                                                  _____
7                                               NICHOLAS S. SHANTAR
                                                Attorneys for Defendant and Cross-
8                                               complainant INDYMAC VENTURE,
                                                LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

926485.05/OC

-2-

MOTION  OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ................................................................................................1

II. FACTUAL BACKGROUND .............................................................................2

    A.  The Loan Documents And The Guaranties ...........................................2

    B.  Borrower Defaults Under The Loan Documents....................................3

    C.  The Office Of Thrift Supervision Seizes Original Lender ...................4

    D.  The FDIC Files Suit Against Plaintiffs On Behalf Of
    IMFB .......................................................................................................4

    E.  IMV Acquires The Loan Documents And The Guaranties .................4

    F.  Plaintiffs and IMV Enter Into The Tolling Agreement .......................5

    G.  IMV Forecloses On The Property............................................................5

III. PLAINTIFFS' CLAIMS AND THE *LIS PENDENS* .........................................5

IV. LEGAL STANDARDS .......................................................................................6

V.  NONE OF PLAINTIFFS' CLAIMS "AFFECTS TITLE TO"
    THE PROPERTY .................................................................................................8

VI. PLAINTIFFS' SECOND, THIRD, AND FOURTH CAUSES OF
    ACTION FOR PROMISSORY FRAUD, NEGLIGENT
    MISREPRESENTATION, AND FRAUDULENT
    INDUCEMENT CANNOT SUPPORT THE *LIS PENDENS* .....................9

    A.  Plaintiffs' Causes Of Action Are Barred Under The
    *D'Oench Duhme* Doctrine .....................................................................9

        1.  The *D'Oench Duhme* Doctrine ..................................................9

        2.  Plaintiffs Have Not And Cannot Allege That Any
        Purported Oral Promises By Original Lender Satisfy
        The Requirements Of §1823(e) .................................................11

    B.  Plaintiffs' Causes Of Action Also Fail Because Plaintiffs
    Failed To Satisfy The Mandatory Claims Process Under
    FIRREA...................................................................................................12

        1.  Plaintiffs Were Required To Submit Their Second,
        Third, And Fourth Causes Of Action Under
        FIRREA's Exclusive Claims Process .......................................14

        2.  Plaintiffs Failed To  Submit Their Claims Under
        FIRREA .....................................................................................16

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC

MOTION  OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

(i)

**Page**

VII.   PLAINTIFFS ALSO CANNOT SHOW A "PROBABLE
VALIDITY" THEY WILL PREVAIL ON THEIR CAUSE OF
ACTION FOR BREACH OF THE TOLLING AGREEMENT ..................16

VIII.  **DEFENDANTS A**RE ENTITLED TO ATTORNEYS' FEES
AND COSTS ........................................................................................17

IX.   IN THE ALTERNATIVE, PLAINTIFFS SHOULD POST A
BOND ................................................................................................18

X.   CONCLUSION ...................................................................................18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC

(ii)

MOTION  OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

Brookside Assocs. v. Rifkin (1995)
    49 F.3d 490.................................................................................. 11

D'Oench, Duhme & Co., Inc. v. FDIC,
    315 U.S. 447 (1942) ..................................................... 1, 9, 10, 12

Freeman v. FDIC,
    56 F.3d 1394 (D.C. Cir. 1995) ...................................................... 13

Henderson v. Bank of New England,
    986 F.2d 319 (9th Cir. 1993).......................................................... 13

Intercontinental Travel Mktg., Inc. v. FDIC,
    45 F.3d 1278 (9th Cir. 1994) ......................................................... 13

Langley v. FDIC,
    484 U.S. 86 (1987) ......................................................................... 10

McCarthy v. FDIC,
    348 F.3d 1075 (9th Cir. 2003)........................................................ 13

Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. City Sav., F.S.B..
    28 F.3d 376 (3d Cir. 1994).............................................................. 12

**Federal Statutes**

12 U.S.C. section 1821(d)......................................................... 13, 14, 15, 16

12 U.S.C. section 1823(e)..............................................................passim

**California Cases**

2974 Properties, Inc. v. RTC,
    23 Cal.App.4th 871 (1994)............................................................. 12

Banco Do Brasil, S.A. v. Latian, Inc.,
    234 Cal.App.3d 973 (1991)............................................................ 17

BGJ Assocs., LLC v. Sup. Ct.,
    75 Cal.App.4th 952 (1999)............................................................... 7

Bishop Creek Lodge v. Scira,
    46 Cal.App.4th 1721 (1996)............................................................. 7

Casa Herrera, Inc. v. Beydoun,
    32 Cal.4th 336 (2004)..................................................................... 17

La Paglia v. Sup. Ct.,
    215 Cal.App.3d 1322 (1989)............................................................ 7

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC

(iii)

MOTION OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

**Page(s)**

RTC Mortg. Trust 1994-S2 v. Shlens,
    62 Cal.App.4th 304 (1998) .................................................................. 10, 11

Walsh v. New W. Fed. Sav. & L. Assn.,
    234 Cal.App.3d 1539 (1991) ............................................................. 10, 11

Wm. E. Doud & Co., Inc. v. Smith,
    256 Cal.App.2d 552 (1967) ...................................................................... 17

Ziello v. Sup. Ct.,
    36 Cal.App.4th 321 (1995) ......................................................................... 7

**California Statutes**

Code of Civil Procedure section 405.30 .............................................................. 7

Code of Civil Procedure section 405.32 ..................................................... 7, 8, 9

Code of Civil Procedure section 405.34 ............................................................ 18

Code of Civil Procedure section 405.38 ............................................................ 17

Code of Civil Procedure section 405.4 .......................................................... 7, 8

**Other Authorities**

Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ........ passim

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC

(iv)

MOTION OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.    INTRODUCTION.**

3          By this Motion, Defendant IMV seeks an order expunging the *Lis Pendens*

4   filed herein by Plaintiffs because Plaintiffs cannot show a probable validity that they

5   will prevail on <u>any</u> claim <u>affecting title to</u> the real property at issue in the Complaint.

6          Plaintiffs' purported claims arise from a construction loan between Plaintiff

7   Eden Garden, LLC ("Borrower") and the now-defunct IndyMac Bank, FSB

8   ("Original Lender").  The loan matured on March 28, 2008, and Borrower failed to

9   pay it – a fact Plaintiffs readily concede.  Plaintiffs Ali and Guiti Amidy and Centra

10  Net Investment, LLC (collectively, "Guarantors") guaranteed Borrower's

11  performance under the loan and have refused to pay back the loan despite

12  Borrower's default.

13         Plaintiffs' allegations all relate to purported conduct by Original Lender

14  <u>before</u> July 11, 2008, the date the Office of Thrift Supervision seized Original

15  Lender and appointed the FDIC as receiver for Original Lender.   Specifically,

16  Plaintiffs claim that, notwithstanding the integrated agreement establishing the

17  Maturity Date, Original Lender made <u>oral</u> promises and representations that it would

18  extend the Maturity Date through March 2009 and continue funding Borrower's

19  construction.

20         The *Lis Pendens* must be expunged for multiple reasons.   <u>First</u>, even

21  assuming Plaintiffs could prevail on their claims, none of those claims "affect title

22  to" the property at issue in the Complaint, a necessary component of any *Lis*

23  *Pendens*.  Plaintiffs' only remedy is damages.

24         <u>Second</u>, Plaintiffs cannot establish the requisite "probable validity" of

25  prevailing on any of their claims.  Plaintiffs' causes of action for promissory fraud,

26  negligent misrepresentation, and fraudulent inducement are barred under the

27  *D'Oench Duhme* doctrine, codified in 12 U.S.C. section 1823(e).   Under that

28  doctrine, any oral agreement and/or representation by Original Lender is auto-

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC                -1-

MOTION  OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

1  matically null and void unless it is (1) reduced to a writing that is  (2) executed by

2  the failed bank and the borrower, (3) approved by the failed bank's board of

3  directors (or loan committee), and (4) has been continuously an official record of the

4  failed bank.  12 U.S.C. §1823(e).  Here, Plaintiffs have not alleged, nor could they,

5  that Original Lender's purported oral agreements/representations satisfy any, much

6  less all, such requirements.

7      Moreover, Plaintiffs have failed to comply with the Congressionally-

8  mandated claims process under the Financial Institutions Reform, Recovery, and

9  Enforcement Act of 1989 ("FIRREA").  FIRREA offers the *exclusive* process for

10  resolution of Plaintiffs' claims relating to the "acts and omissions" of Original

11  Lender and the FDIC.  Plaintiffs cannot proceed on such claims in any court unless

12  they complied with FIRREA's claims requirements.  They did not.

13      Plaintiffs' first cause of action for breach of a Tolling Agreement also fails.

14  Plaintiffs claim that the Tolling Agreement barred IMV from foreclosing on the

15  property until December 31, 2011.  But that agreement, which is fully integrated,

16  contains no such provision.  Plaintiffs are not permitted to add to the terms of that

17  agreement with parol evidence of a purported agreement that does not exist.

18  Accordingly, the *Lis Pendens* must be expunged.

19  **II.    FACTUAL BACKGROUND.**

20      **A.    The Loan Documents And The Guaranties.**

21      On or about September 30, 2005, Original Lender and Borrower entered into

22  a Building Loan Agreement dated September 30, 2005, as amended ("Loan

23  Agreement").  Declaration of Alisa Ashikyan in Support of Motion to Expunge

24  ("Ashikyan Decl."), ¶9, Ex. B.  Pursuant thereto, Original Lender agreed to loan

25  Borrower the principal sum of $6,820,628 (the "Loan"), as evidenced by a

26  Promissory Note dated September 30, 2005 (the "Note").  Id., ¶10, Ex. C.  The Loan

27  was made to finance Borrower's construction of eighteen housing units on certain

28  real property located in the County of Santa Clara ("Property").  See id., ¶9, Ex. B.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC                    -2-

MOTION  OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

1  To secure Borrower's obligations under the Loan Agreement and the Note,
2  Borrower made, executed and delivered to Original Lender a Construction Trust
3  Deed with Assignment of Rents, Security Agreement and Fixture Filing dated
4  September 30, 2005, as amended ("Trust Deed"). Id., ¶11, Ex. D. (The Loan
5  Agreement, the Note, and the Trust Deed are hereinafter referred to collectively as
6  the "Loan Documents"). Furthermore, Guarantors executed General Guaranties
7  dated September 30, 2005 ("Guaranties"), in which they absolutely and
8  unconditionally guaranteed and promised to pay any and all of Borrower's liabilities
9  under the Loan and the Loan Documents. Id., ¶13, Ex. F.

10  **B.  Borrower Defaults Under The Loan Documents.**

11  Pursuant to the Loan Documents, Borrower was required to, among other
12  things, pay all principal under the Note on or before March 28, 2008 ("Maturity
13  Date"). Id., ¶¶12, 14, Ex. E. Borrower failed to pay the principal balance on or
14  before that date, and Guarantors refused and failed to pay such balance pursuant to
15  the Guaranties. Id., ¶14. Plaintiffs acknowledge as much in their Complaint. See
16  Request for Judicial Notice In Support of Motion ("RJN"), Ex. 1, ¶¶19, 21.
17  Plaintiffs claim, however, that "Barrone, Arnett, and other apparently authorized
18  INDYMAC BANK, F.S.B [i.e., Original Lender] employees and/or representatives
19  told [Plaintiffs] that IndyMac would extend the maturity date of the Note an addi-
20  tional year, if at the end of the first extended period [Plaintiffs] requested an
21  additional year . . . ." Id., ¶19 (emphasis added). Plaintiffs claim that "[b]eginning
22  in or about December 2007" they "told Barrone, Arnett, and other authorized INDY
23  MAC BANK, F.S.B employees and/or representatives that . . . it would be necessary
24  to extend the maturity date of the Note from March 2008 to March 2009 . . . ." Id.,
25  ¶20 (emphasis added). Plaintiffs claim that "on or about March 5, 2008," in
26  response to Plaintiffs request to extend the Maturity Date, "Barrone, Arnett, and
27  other apparently authorized INDY MAC BANK, F.S.B employees and/or
28  representatives informed [Plaintiffs] that, before IndyMac would consider a

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

926485.05/OC

-3-

MOTION OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

modification to the Loan Agreement or Note as requested, the parties would have to enter into a Preworkout Agreement," which Plaintiffs signed on or about March 30, 2008. Id., ¶21 (emphasis added). Plaintiffs do not allege, nor could they, that either Borrower or Original Lender thereafter entered into any written loan modification. Accordingly, the Loan was in default as of March 28, 2008 and has remained in default ever since.

## C. The Office Of Thrift Supervision Seizes Original Lender.

Meanwhile, on July 11, 2008, shortly after Borrower defaulted, Original Lender was seized by the Office of Thrift Supervision ("OTS"), which appointed the FDIC as receiver for Original Lender. Id., ¶3; RJN, Ex. 2 (74 Fed.Reg. 59540). The OTS chartered Indymac Federal Bank, FSB ("IMFB") as a new federal savings bank and appointed the FDIC as Conservator of IMFB. Id. The FDIC, as receiver for Original Lender, transferred some, but not all, of the rights, title, and interests of Original Lender to IMFB, including the Loan and the Loan Documents. Id.

## D. The FDIC Files Suit Against Plaintiffs On Behalf Of IMFB.

On November 10, 2008, the FDIC, on behalf of IMFB, filed a complaint against Plaintiffs for judicial foreclosure of the Trust Deed, appointment of a receiver, injunctive relief, and breach of guaranty in the Superior Court for the County of Santa Clara ("Prior Lawsuit"). See RJN, Ex. 1, ¶24. Plaintiffs filed certain cross-claims in the Prior Lawsuit. Id.

## E. IMV Acquires The Loan Documents And The Guaranties.

On March 19, 2009, the OTS appointed the FDIC as receiver for IMFB. Id., Ex. 2; Ashikyan Decl., ¶4. The FDIC, as receiver for IMFB, established Defendant IMV as a single-member limited liability company and, pursuant to an Asset Contribution and Assignment Agreement ("Asset Contribution Agreement"), transferred to IMV some of the rights, title, and interests, of IMFB, including all rights, title, and interests in the Loan Documents and the Guaranties. Ashikyan Decl., ¶4, Ex. A (§2.01); RJN, Ex. 2.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

926485.05/OC

-4-

MOTION OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

**F.      Plaintiffs and IMV Enter Into The Tolling Agreement.**

On or about May 4, 2010, Plaintiffs and IMV entered into an Agreement Tolling Statutes of Limitation ("Tolling Agreement"), whereby IMV and Plaintiffs agreed to dismiss their respective claims and cross-claims in the Prior Lawsuit <u>without prejudice</u>.  Ashikyan Decl., ¶15, Ex. G.  The Tolling Agreement is fully integrated and "contains the <u>sole and entire agreement</u> between the parties pertaining to the subject matter contained in it, specifically, the tolling of limitations period, and supersedes any and all prior and/or contemporaneous oral or written negotiations, agreements, representations, and understandings with respect to such subject matter."  <u>Id</u>., Ex. G, ¶10.  <u>Nothing</u> in the Tolling Agreement whatsoever precluded IMV from taking further action against the Property.  <u>Id</u>.

**G.      IMV Forecloses On The Property.**

As of January 28, 2011, the total outstanding balance on the Note exceeded $6,817,000.  Ashikyan Decl., ¶16.  Accordingly, on or about January 31, 2011, after public notice, IMV proceeded with a non-judicial foreclosure sale of the Property. <u>Id</u>.  The Property was purchased at the foreclosure sale by a third party, IMV 7 CA LLC, a wholly-owned subsidiary of IMV.  <u>Id</u>.

**III.   PLAINTIFFS' CLAIMS AND THE _LIS PENDENS_.**

On or about January 21, 2011, Plaintiffs filed the instant action.  Plaintiffs allege four causes of action, as follows:

•      **Promissory Fraud.**  In their second cause of action, Plaintiffs claim "INDYMAC BANK, F.S.B." – i.e., Original Lender – made oral representations that Original Lender would "extend the maturity date of the Note through March 2009 and that it would continue to make disbursements so the project could be completed." RJN, Ex. 1, ¶¶32-41.  Plaintiffs claim Original Lender made these oral representations without any intention of performing them.  <u>Id</u>.

•      **Negligent Misrepresentation.**  In their third cause of action, Plaintiffs claim "INDYMAC BANK, F.S.B." – i.e., Original Lender – made oral

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC                                    -5-

MOTION  OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

representations that it would "extend the maturity date of the Note beyond March 2008 and that it would continue to make disbursements pursuant to the Loan Agreement so that the Project could be complete" without having "any reasonable grounds for believing it would honor these promises." Id., ¶43.

- **Fraud in the Inducement (Loan Documents and Guaranties).** In their third cause of action, Plaintiffs claim that "INDYMAC BANK, F.S.B." – i.e., Original Lender – fraudulently induced Plaintiffs to enter into the Loan Documents and the Guaranties back in September 2005 by making knowingly false representations that "if the maturity date of the Note needed to be extended in order to complete the Project, INDY MAC BANK, F.S.B. would do so and INDY MAC BANK, F.S.B. would continue to make disbursements so that the project could be completed, the units sold, and the Note repaid." Id., ¶¶45-51.

- **Breach of Settlement (Tolling) Agreement.** Finally, in their first cause of action, Plaintiffs claim IMV breached the Tolling Agreement by "taking actions against Plaintiffs [and] the [Property]" before December 31, 2011 – i.e., the January 31, 2011 foreclosure sale. Id., ¶30. Plaintiffs do not contend that the Tolling Agreement itself precluded IMV from foreclosing on the Property. Rather, Plaintiffs claim that they were informed "in writing by counsel for Defendants that during the tolling period no action would be taken against Plaintiffs and that the parties would enter into negotiations for a workout plan for the Project . . . ." Id., ¶26.

Concurrently with filing their Complaint, Plaintiffs filed and recorded the *Lis Pendens* and recorded it in the Official Records for the County of Santa Clara. RJN, Ex. 3. For the reasons set forth below, the *Lis Pendens* should be expunged.

## IV.   LEGAL STANDARDS.

A *lis pendens* is a recorded instrument that provides constructive notice that a pending lawsuit could affect title to certain real property. It is designed to ensure that any person who attempts to buy the affected property takes it subject to any

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC

-6-

MOTION OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

1   judgment that might be entered in the lawsuit.  Bishop Creek Lodge v. Scira, 46

2   Cal.App.4th 1721, 1733 (1996).  As such, the practical effect of a *lis pendens* is to

3   "cloud title" to the property until the litigation is resolved or the *lis pendens* is

4   expunged.  Id.  "The potential for abuse is obvious."  La Paglia v. Sup. Ct., 215

5   Cal.App.3d 1322 (1989), 1326.  As such, a *lis pendens* is a provisional remedy to be

6   applied narrowly.  BGJ Assocs., LLC v. Sup. Ct., 75 Cal.App.4th 952 (1999), 966-

7   67.

8        Due to this writ of attachment-like effect on the transferability of property,

9   Code of Civil Procedure section 405.30 authorizes any party in an action where a *lis*

10  *pendens* has been filed to apply "to the court in which the action is pending to

11  expunge the notice."  The court "shall order the notice expunged if the court finds

12  that the claimant [here, Plaintiffs] has not established by a preponderance of the

13  evidence the probable validity of the real property claim."  Code Civ. Proc. §405.32

14  (emphasis added).  Accordingly, to maintain a *lis pendens*, the claimant must inde-

15  pendently satisfy a two-prong test:  (1) it must show a claim qualifies as a "real

16  property claim," as defined by section 405.4, and (2) it must then present competent

17  evidence establishing the "probable validity" of such "real property claim" by a

18  preponderance of the evidence.  Id.

19       To meet the threshold requirements of the first prong, the claimant must assert

20  a claim "which would, if meritorious, affect [] title to, or the right to possession of,

21  specific real property."  Code Civ. Proc. §405.4 (emphasis added).  The claimant

22  then bears the burden of establishing the second prong – i.e., a "probable validity"

23  that it will prevail on such claim by a preponderance of the evidence.  Code Civ.

24  Proc. §405.30 ("The claimant shall have the burden of proof under Sections 405.31

25  and 405.32.");  id. at §§405.30, 405.32;  Ziello v. Sup. Ct., 36 Cal.App.4th 321

26  (1995), 331-32.  If the claimant cannot satisfy its burden of proof on either prong,

27  expungement is mandatory.  Code Civ. Proc. §405.32 (the court "shall" order the

28  notice expunged).

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC

-7-

MOTION  OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

## V.   NONE OF PLAINTIFFS' CLAIMS "AFFECTS TITLE TO" THE PROPERTY.

As set forth below, serious problems afflict Plaintiffs' claims.  But even assuming, _arguendo_, Plaintiffs could show a probable validity of prevailing on their claims, none of the claims "affects title to" the Property.  Therefore, none will support the _Lis Pendens_.  Code Civ. Proc. §§405.4, 405.32 (requiring a claim that "affects title to" real property).

Plaintiffs' second, third, and fourth causes of action are all predicated on alleged oral representations by Original Lender that, notwithstanding the March 28, 2008 Maturity Date, Original Lender would extend the Maturity Date and continue funding Plaintiffs construction project until it was complete.  RJN, Ex. 1, ¶¶32-36, 43, 45-51.  Plaintiffs claim they were damaged by these promises "in excess of the jurisdictional minimum of this court, including without limitation the loss of Eden Garden's original investment in the Project as well as substantial additional funds (approximately $900,000) provided by Eden Garden in an attempt to keep the Project from failing, substantial increases in the cost of completing the Project resulting from the loss of the Project's original contractors, and the additional sums paid to IndyMac . . . ."  Id., ¶¶38, 52.  In addition, Plaintiffs claim Eden Garden "will lose the profits that should have resulted from the sale of the Units . . . ."  Id., ¶¶39, 53.  But even assuming all of the above is true, Plaintiffs only seek monetary damages.  Plaintiffs do not claim, nor could they, that any of these claims would "affect title to" the Property, which has since been foreclosed.

Plaintiffs' cause of action for breach of the Tolling Agreement fares no better.  The Tolling Agreement is terminable on 30 days' notice "at any time" and without cause.  Ashikyan Decl., ¶15, Ex. G, ¶4.  Thus, even if Plaintiffs were correct that the Tolling Agreement somehow barred IMV from pursuing a foreclosure sale, any breach of that agreement could not stop the foreclosure sale; at most, it would delay it a mere 30 days.  Plaintiffs' cause of action for breach of the Tolling Agreement

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC

-8-

MOTION OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

1  therefore could not ultimately "affect title to" the Property.  Plaintiffs' only remedy
2  is damages (if any).

3  **VI.**   **PLAINTIFFS' SECOND, THIRD, AND FOURTH CAUSES OF**
4  **ACTION FOR PROMISSORY FRAUD, NEGLIGENT MISREPRE-**
5  **SENTATION, AND FRAUDULENT INDUCEMENT CANNOT**
6  **SUPPORT THE *LIS PENDENS*.**

7        Not only do Plaintiffs' claims not "affect title to" the Property, Plaintiffs
8  cannot show a probability of prevailing on any of their claims.  Therefore, the *Lis*
9  *Pendens* must <u>still</u> be expunged.  Code Civ. Proc. §405.32 (requiring a "probable
10 validity" of success on a "real property claim").

11       Plaintiffs' second, third, and fourth causes of action for promissory fraud,
12 negligent misrepresentation, and fraudulent inducement are fundamentally flawed
13 on at least two separate and independent grounds.  <u>First</u>, the claims are barred under
14 the *D'Oench Duhme* doctrine.  <u>Second</u>, the claims are barred because Plaintiffs have
15 failed to comply with the administrative claims requirement in FIRREA.
16 Accordingly, as a matter of law, Plaintiffs cannot establish a probable validity of
17 prevailing on any of those claims.

18    **A.**   **Plaintiffs' Causes Of Action Are Barred Under The *D'Oench***
19          **Duhme Doctrine.**

20          **1.**   **The *D'Oench Duhme* Doctrine.**

21       The *D'Oench Duhme* doctrine is based on the 1942 United States Supreme
22 Court case of that name (315 U.S. 447) and the subsequent judicial interpretation
23 and legislative codification thereof (12 U.S.C. §1823(e)).  In *D'Oench Duhme*, the
24 FDIC sued on a promissory note that had been assigned to it in connection with a
25 bank failure.  In defense, the obligors alleged the bank had <u>orally</u> agreed it would
26 not call the note for payment.  The Supreme Court rejected that defense, holding that
27 alleged oral agreements are "likely to . . . misle[a]d" bank examiners and therefore
28 may not be asserted against the FDIC.  315 U.S. at 460.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC                                    -9-

MOTION OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

As the Supreme Court has explained, a primary purpose of the doctrine "is to allow federal and state bank examiners to rely on a bank's records in evaluating the worth of the bank's assets." Langley v. FDIC, 484 U.S. 86 (1987), 91; Walsh v. New W. Fed. Sav. & L. Assn., 234 Cal.App.3d 1539 (1991), 1543-44. Because oral agreements and representations are, by definition, not included in a bank's records, it would be impossible for bank examiners to rely on the written records of a failed bank if those written records are subject to undisclosed oral agreements. Walsh, 234 Cal.App.3d at 1544.

The D'Oench Duhme doctrine is codified at 12 U.S.C. section 1823(e), which provides:

> "No agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the [FDIC] unless such agreement –
>
> (A) is in writing,
> (B) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
> (C) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
> (D) has been, continuously, from the time of its execution, an official record of the depository institution." (emphasis added).

"Since its inception, courts have dramatically expanded the reach of the common law doctrine and its statutory counterpart. The doctrine applies, for example, not only to defensive use of alleged oral promises (such as in the original D'Oench Duhme case), but also to offensive use, such as fraud or breach of contract claims based upon alleged oral agreements." RTC Mortg. Trust 1994-S2 v. Shlens, 62 Cal.App.4th 304 (1998), 315-16 (citing Walsh, 234 Cal.App.3d at 1543-44) (emphasis added). The defense applies "even where the party asserting an oral

1   agreement was innocent of any wrongdoing." Id. at 316.  Moreover, "[a]ssignees of

2   the FDIC enjoy the protection of the doctrine, as do so-called 'bridge banks' –

3   institutions authorized by the FDIC . . . to operate failed banks and savings and

4   loans." Id.  Accordingly, unless the strict requirements of section 1823(e) are

5   satisfied, any alleged oral agreement or representation is null and void and cannot

6   support a cause of action against the assets of a failed bank.

7        **2.      Plaintiffs Have Not And Cannot Allege That Any Purported**

8             **Oral Promises By Original Lender Satisfy The Requirements**

9             **Of §1823(e).**

10       In their second, third, and fourth causes of action, Plaintiffs allege that,

11   although the Maturity Date of the Note was March 28, 2008, Original Lender orally

12   represented that "if the maturity date of the Note needed to be extended in order to

13   complete the Project, INDYMAC BANK, F.S.B. would do so, and INDYMAC

14   BANK, F.S.B. would continue to make disbursements so that the Project could be

15   completed, the Units sold, and the Note repaid."  RJN, Ex. 1, ¶¶32-36, 43, 45-51.

16   Plaintiffs do not allege, nor could they, that these purported oral representations

17   were ever (1) reduced to writing, (2) that such writing was executed by Original

18   Lender and Plaintiffs, (3) that such writing was approved by the board of directors

19   of Original Lender or its loan committee, or (4) that such writing ever became an

20   official record of Original Lender.  Furthermore, there is no question that Plaintiffs'

21   allegations that Original Lender orally changed the terms of the Loan Documents –

22   by agreeing to extend the Maturity Date and agreeing to continue funding Plaintiffs'

23   project – would "tend to diminish or defeat the interest of the FDIC" and its assignee

24   (IMV) in the Loan Documents.  See Shlens, 62 Cal.App.4th at 317 ("Certainly, one

25   who signs a facially unqualified note subject to an unwritten and unrecorded

26   condition upon its repayment has lent himself to a scheme or arrangement that is

27   likely to mislead the banking authorities . . . ."); see also Brookside Assocs. v.

28   Rifkin, 49 F.3d 490 (1995), 495 ("When a debtor asserts a 'secret agreement' not in

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC                                    -11-

MOTION  OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

1  the records of the bank, whether to avoid enforcement of a note or in a suit such as
2  this one based on fraud in the inducement of an obligation, the *D'Oench, Duhme*
3  policy favors the interests of bank examiners, as well as the agency that insures the
4  bank, over debtors, who can protect themselves against harm by making sure all of
5  the terms of their agreements are in writing") (emphasis added).

6      Based on their allegations, it is clear Plaintiffs intend to reduce their liability
7  under the Loan Documents and/or the Guaranties and/or recover against the assets
8  of the failed bank due to the alleged oral misrepresentations of Original Lender.
9  That is exactly what Plaintiffs are not permitted to do unless they can show the
10  alleged oral representations that form the basis of their claims satisfy the require-
11  ments of the *D'Oench Duhme* doctrine.  Plaintiffs have not and cannot make that
12  showing.  Accordingly, Plaintiffs' second, third and fourth causes of action fail as a
13  matter of law and cannot support the *Lis Pendens*.

14      **B.    Plaintiffs' Causes Of Action Also Fail Because Plaintiffs Failed To**
15            **Satisfy The Mandatory Claims Process Under FIRREA.**

16      Plaintiffs' claims also fail for the separate and independent reason that
17  Plaintiffs failed to comply with the requirements of FIRREA.  FIRREA was passed
18  to give the FDIC acting as receiver "extraordinary powers" to deal with the crisis
19  posed by the failure of banking institutions nationwide.  Nat'l Union Fire Ins. Co. of
20  Pittsburgh, Pa. v. City Sav., F.S.B., 28 F.3d 376 (3d Cir. 1994), 388.  See also 2974
21  Properties, Inc. v. RTC, 23 Cal.App.4th 871 (1994), 875-76.  FIRREA was designed
22  to make the resolution of failed financial institutions proceed "as promptly and
23  efficiently as possible."  Id.  To that end, FIRREA sets out the exclusive mechanism
24  for adjudicating claims relating to acts of a failed bank or the FDIC.

25      Under FIRREA, Congress mandated that any (1) "claim relating to any act or
26  omission of [a failed bank]," (2) "action seeking a determination of rights with
27  respect to[] the assets of any [failed bank] for which the Corporation has been
28  appointed receiver," and (3) any "claim relating to any act or omission of . . . the

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC                                    -12-

MOTION OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

[the FDIC] as receiver" (12 U.S.C. §1821(d)(13)(D)(i)–(ii)) <u>must</u> be submitted through the administrative claims process described in 12 U.S.C. §1821(d).  In the event of a disallowance, the claimant may opt to have that decision administratively reviewed by the FDIC or it may litigate those disallowed claims – and only those disallowed claims – in either the United States District Court for the District of Columbia or the federal district in which the failed bank's principal place of business is located.  12 U.S.C. §1821(d)(6)(A).  If, however, a claimant fails to follow these procedures, "the claim shall be deemed to be disallowed . . . , such disallowance shall be final, <u>and the claimant shall have no further rights or remedies with respect to such claim</u>." 12 U.S.C. §1821(d)(6)(B)(ii) (emphasis added).

Pursuant to this statutory regime, "Section 1821(d)(13)(D) . . . acts as a <u>jurisdictional bar</u> to claims or actions by parties who have not exhausted their §1821(d) administrative remedies." <u>Freeman v. FDIC</u>, 56 F.3d 1394, 1401 (D.C. Cir. 1995) ("Our sister circuits have broadly applied the §1821(d) jurisdictional bar to all manner of 'claims' and 'actions seeking a determination of rights with respect to' the assets of failed banks, whether those claims and actions are by debtors, creditors, or others.") (citing decisions from the First, Second, Fifth and Ninth Circuits.   In fact, the Ninth Circuit repeatedly has recognized that the claims procedure in FIRREA is <u>mandatory</u>, and that, pursuant to 12 U.S.C. §1821(d)(13)(D), courts <u>lack jurisdiction</u> to adjudicate claims where plaintiffs have failed to follow it.  <u>McCarthy v. FDIC</u>, 348 F.3d 1075 (9th Cir. 2003), 1081; <u>Intercontinental Travel Mktg., Inc. v. FDIC</u>, 45 F.3d 1278 (9th Cir. 1994), 1283 ("Because [the plaintiff] failed to properly exhaust the statutorily mandated exhaustion requirements of §1821(d), no jurisdiction exists over its action."); <u>Henderson v. Bank of New England</u>, 986 F.2d 319 (9th Cir. 1993), 321 ("A claimant must therefore first complete [FIRREA's] claims process before seeking judicial review.").  Thus, where a potential claimant in a failed bank's receivership fails to comply with FIRREA's mandatory process by filing a timely proof of claim and

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC
-13-

MOTION  OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

1  then seeking timely review of any disallowance by the appropriate <u>federal</u> court, <u>no</u>

2  <u>court</u> has subject matter jurisdiction to hear such claims.

      **1.**    **<u>Plaintiffs Were Required To Submit Their Second, Third,</u>**

**<u>And Fourth Causes Of Action Under FIRREA's Exclusive</u>**

**<u>Claims Process.</u>**

6      Plaintiffs were required to submit their causes of action for promissory fraud,

7  negligent misrepresentation, and fraudulent inducement to FIRREA's claims

8  process. Because they failed to do so, this Court lacks subject matter jurisdiction to

9  hear those claims.

10      <u>First</u>, there is no question that Plaintiffs' claims "relate to" alleged promises

11  and representations made by Original Lender before its failure, and thus the claims

12  relate to "acts and omissions" of Original Lender. 12 U.S.C. §1821(d)(13)(D)(ii).

13  In their fourth cause of action, Plaintiffs claim they were fraudulently induced to

14  enter into the Loan Documents and the Guarantees by Original Lender's representa-

15  tions, made "<u>before entering into</u> the [Loan Documents and the Guaranties," that "if

16  the maturity date of the Note needed to be extended in order to complete the Project,

17  INDYMAC BANK, F.S.B. would do so, and INDYMAC BANK, F.S.B. would con-

18  tinue to make disbursements so that the Project could be completed, the Units sold,

19  and the Note repaid." RJN, Ex. 1, ¶¶45-51 (emphasis added). Those representations

20  must have been made, if at all, prior to September 30, 2005, the date Plaintiffs

21  signed the Loan Documents and the Guaranties. And the Complaint is clear that the

22  alleged representations that induced Plaintiffs were made by "<u>INDYMAC BANK,</u>

23  <u>F.S.B.</u>" – i.e., Original Lender. The fourth cause of action therefore relates to the

24  "acts and omissions" of Original Lender. <u>Id</u>. (emphasis added).

25      For the same reason, Plaintiffs' second and third causes of action for

26  promissory fraud and negligent misrepresentation relate to "acts and omissions" of

27  Original Lender. Those claims are based on the dubious notion that Original Lender

28  orally promised it would extend the March 28, 2008 Maturity Date and continue to

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC

-14-

MOTION OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

1   fund construction until Plaintiffs' project was complete.  <u>Id</u>., ¶¶32-36, 43.  By

2   definition, Plaintiffs' claim that <u>Original Lender</u> promised it would extend the

3   <u>March 28, 2008</u> Maturity Date and continue funding must have been made <u>before</u>

4   July 11, 2008, when the OTS seized Original Lender.  Accordingly, the second,

5   third, and fourth causes of action all "relate to" alleged promises and representations

6   made by Original Lender and are subject to FIRREA's mandatory claims process.

7       <u>Second</u>, Plaintiffs' claims are independently barred by section (d)(13)(D)(i) of

8   FIRREA because Plaintiffs plainly seek recovery from the assets of Original Lender.

9   Specifically, Plaintiffs seek to obtain damages arising from alleged fees totaling

10  approximately $78,000 paid to Original Lender in connection with a "Loan Modifi-

11  cation."  RJN, Ex. 1, ¶¶38, 52.  Plaintiffs also seek approximately $900,000 invested

12  in the Property by Eden Garden "in an attempt to keep the Project from failing," plus

13  Plaintiffs' purported lost profits from the Property, which is secured by the Trust

14  Deed.  <u>Id</u>.  Each of those claims seeks "payment from . . . or a determination of

15  rights with respect to, the assets [i.e., Loan Documents] of any depositor institution

16  for which the Corporation has been appointed receiver."  Therefore, they are barred

17  unless Plaintiffs complied with FIRREA's exhaustion requirements.   12 U.S.C.

18  §1821(d)(13)(D)(i).

19      <u>Third</u>, Plaintiffs erroneously assert that IMV is the successor to Original

20  Lender and thus seek an interpretation not only of the Asset Contribution

21  Agreement, but also a judicial ruling regarding the legal effect of the FDIC's actions

22  as receiver in drafting and entering into that document.  RJN, Ex. 1, ¶¶5, 23, 25.

23  Plaintiffs' claims therefore "relate to any act or omission of [the FDIC] as

24  receiver. . . ."  12 U.S.C. §1821(d)(13)(D)(ii).  Indeed, the only nexus between the

25  allegations in the second, third, and fourth causes of action and IMV is Plaintiffs'

26  erroneous belief that the Asset Contribution Agreement <u>assigned</u> IMV the liabilities

27  of Original Lender.  <u>See</u> RJN, Ex. 1, ¶25.  That claim is demonstrably false.  <u>See</u>

28  Ashikyan Decl., ¶4, Ex. F (§2.01).  But <u>regardless</u>, any court that had jurisdiction to

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC

-15-

MOTION OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

1   resolve whether IMV is, in fact, the successor to Original Lender's liabilities
2   necessarily would have to interpret the Asset Contribution Agreement, which
3   agreement is an act of the FDIC as receiver.  Accordingly, the second, third and
4   fourth causes of action, by necessity, "relat[e] to any act or omission of [the FDIC]
5   as receiver" for Original Lender and/or IMFB, and are barred by FIRREA.  12
6   U.S.C. §1821(d)(13)(D)(ii).

7                 **2.      Plaintiffs Failed To Submit Their Claims Under FIRREA.**

8           Here, not only have Plaintiffs failed to <u>plead</u> facts showing they satisfied
9   FIRREA's exhaustion requirements, Plaintiffs cannot show a "probable validity" that
10  they complied with those requirements and therefore that they have <u>any</u> chance of
11  <u>proceeding</u>, much less <u>prevailing</u>, on the second, third, and fourth causes of action.
12  Accordingly, as a matter of law, Plaintiffs second, third, or fourth causes of action
13  cannot support the *Lis Pendens*.

14  **VII.  PLAINTIFFS ALSO CANNOT SHOW A "PROBABLE VALIDITY"**
15  **THEY WILL PREVAIL ON THEIR CAUSE OF ACTION FOR**
16  **BREACH OF THE TOLLING AGREEMENT.**

17          The only remaining claim is Plaintiffs' first cause of action for breach of the
18  Tolling Agreement, which Plaintiffs claim barred IMV from foreclosing on the
19  Property before December 31, 2011.  RJN, Ex. 1, ¶30.  Plaintiffs did not attach the
20  Tolling Agreement to their Complaint and for good reason:  the Tolling Agreement
21  contains <u>nothing</u> whatsoever that precludes IMV from foreclosing on the Property.
22  <u>See</u> Ashikyan Decl., ¶15, Ex. G.   Moreover, the Tolling Agreement is <u>fully</u>
23  <u>integrated</u> and, by its express terms, "contains the <u>sole and entire agreement</u> between
24  the parties pertaining to the subject matter contained in it, specifically, the tolling of
25  limitations period, and <u>supersedes any and all prior and/or contemporaneous oral or</u>
26  <u>written negotiations, agreements, representations, and understandings</u> with respect
27  to such subject matter."  <u>Id</u>., Ex. G, ¶10 (emphasis added).  Notwithstanding the
28  above, Plaintiffs claim they were "informed in writing by counsel for Defendants

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC

-16-

MOTION OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

1   that during the tolling period no action would be taken against Plaintiffs . . . ."  RJN,

2   Ex. 1, ¶26.  No such writing is attached to the Complaint, and indeed, none exists.

3   But even if it did exist, it is black-letter law that Plaintiffs' claim is precluded by the

4   integration clause.  <u>Casa Herrera, Inc. v. Beydoun</u>, 32 Cal.4th 336 (2004), 343 (the

5   parol evidence prohibits "the introduction of extrinsic evidence, <u>whether oral or</u>

6   <u>written</u>, to vary alter or add to the terms of an integrated written instrument")

7   (emphasis added); <u>Wm. E. Doud & Co., Inc. v. Smith</u>, 256 Cal.App.2d 552 (1967),

8   558 ("It is clear that in construing a contract which purports on its face to be the

9   complete expression of the entire agreement between the parties, courts will not add

10  another item about which the agreement is silent."); <u>see</u> <u>also</u> <u>Banco Do Brasil, S.A.</u>

11  <u>v. Latian, Inc.</u>, 234 Cal.App.3d 973 (1991), 1002-03 (the "presence of an

12  'integration' clause will be <u>very persuasive, if not controlling</u>" on the issue of

13  whether an agreement was complete) (emphasis added).  Thus, Plaintiffs cannot

14  show a "probable validity" that the Tolling Agreement prohibited IMV from

15  foreclosing on the Property or that they will prevail on their first cause of action.

16  **VIII.  <u>DEFENDANTS ARE ENTITLED TO ATTORNEYS' FEES AND</u>**

17  **<u>COSTS</u>.**

18          Pursuant to Code of Civil Procedure section 405.38, a prevailing party on a

19  motion to expunge is entitled to recover its attorneys' fees and costs in making such

20  a motion.  The recovery of attorneys' fees and costs is <u>mandatory</u>, unless the Court

21  finds that the other party acted with substantial justification, or that other circum-

22  stances make the imposition of attorneys' fees and costs unjust.  Code Civ. Proc.

23  §405.38.  Here, no substantial justification exists for the filing and recording of the

24  *Lis Pendens* under the circumstances set forth above.  Furthermore, no legal or

25  factual basis has been provided to support recording the *Lis Pendens*.  As such, IMV

26  is entitled to recover the costs of bringing this Motion and should be awarded its

27  attorneys' fees in an amount no less than $14,800.  Declaration of Nicholas S.

28  Shantar in Support of Motion to Expunge, ¶2.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC

-17-

MOTION  OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

1   **IX.   IN THE ALTERNATIVE, PLAINTIFFS SHOULD POST A BOND.**

2        In the event that the Motion is not granted, Code of Civil Procedure section

3   405.34 provides the Court with discretion to require Plaintiffs to post a bond.  Given

4   the miniscule probability that Plaintiffs will prevail on the merits, Plaintiffs should

5   be required to post a bond of no less than $6,817,000 in the event that the *Lis*

6   *Pendens* is allowed to remain on record.  That amount reflects the debt that is

7   secured by the Loan Documents and the Guaranties which Plaintiffs are <u>required</u> to

8   repay to IMV under the Loan Documents to own the Property.

9   **X.   CONCLUSION.**

10       For the foregoing reasons, IMV respectfully requests that the Court grant its

11  Motion and that IMV be awarded its attorneys' fees and costs in an amount no less

12  than $14,800.  In the alternative, Defendants respectfully request that Plaintiffs be

13  required to post a bond in of no less than $6,817,000.

14  Dated:  June 22, 2011         ALLEN MATKINS LECK GAMBLE
                                    MALLORY & NATSIS LLP
15                                  A. KRISTINE FLOYD
                                    NICHOLAS S. SHANTAR
16

17                                  By:    */s/Nicholas S. Shantar*

18                                  NICHOLAS S. SHANTAR
                                    Attorneys for Defendant and
                                    Cross-Complainant
19                                  INDY MAC VENTURE, LLC

20

21

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC

-18-

MOTION  OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF

1

## CERTIFICATE OF SERVICE

2      The undersigned hereby certifies that:  I am over the age of eighteen (18) and

3  not a party to the within action.  I am employed in the law firm of Allen Matkins

4  Leck Gamble Mallory & Natsis LLP, 1900 Main Street, Fifth Floor, Irvine,

5  California 92614-7321.

6      On June 22, 2011, I used the Northern District of California's Electronic Case

7  Filing System, with the ECF registered to Nicholas S. Shantar to file the following

8  document:

9      **NOTICE OF MOTION AND MOTION OF DEFENDANT**

10     **INDYMAC VENTURE, LLC TO EXPUNGE LIS PENDENS;**

11     **MEMORANDUM OF POINTS AND AUTHORITIES IN**

12     **SUPPORT THEREOF**

13     The ECF system is designed to send an e-mail message to all parties in the

14  case, which constitutes service.  The parties by e-mail in this case are found on the

15  Court's Electronic Mail Notice List.

16     Notice has been given via First Class U.S. Mail to:

17                W. Kenneth Howard, Esq.
                  Attorney At Law
18                116 East Campbell Avenue, Suite 7
19                Campbell, California 95008
                  Phone:  (408) 379-1904
20                Fax:  (408) 379-1902

21

22     I declare under penalty of perjury under the laws of the United States of

23  America that the foregoing is true and correct.

24     Executed on June 22, 2011, at Irvine, California.

25

26            By:_____*/s/Nicholas S. Shantar*_____
27                  NICHOLAS S. SHANTAR

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

926485.05/OC

-19-

MOTION  OF DEF. INDYMAC VENTURE,
LLC TO EXPUNGE LIS PENDENS; MEMO.
OF PTS. & AUTHS. IN SUPPORT THEREOF